[Cite as *Gray v. Ohio Dept. of Transp.*, 2011-Ohio-5538.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ETHAN J. GRAY,

    Plaintiff,

    v.

OHIO DEPARTMENT OF TRANSPORTATION,
DISTRICT 8,

    Defendant.   <u>MEMORANDUM DECISION</u>

Case No. 2011-03880-AD

Acting Clerk Daniel R. Borchert

## FINDINGS OF FACT

{¶ 1} Plaintiff, Ethan Gray, filed this action against defendant, Department of Transportation (ODOT), alleging that he suffered property damage to his car as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 33 in Franklin County. Plaintiff related he was traveling on "Rt. 33 towards 70 W downtown exit" on March 2, 2011, at approximately 2:40 p.m. when his vehicle struck a pothole. The impact of striking the pothole caused tire damage to plaintiff's vehicle. In his complaint, plaintiff requested damages in the amount of $128.86, the stated cost of replacement parts and automotive repair expenses. The filing fee was paid.

{¶ 2} Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Columbus and not ODOT bears the maintenance responsibility for the section of US 33 where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this

site and the City of Columbus takes care of this area." Defendant submitted documentation (Exhibit A) showing that the particular section of US 33 near I-70 is located within the maintenance jurisdiction of the City of Columbus. ODOT advised, "[a]s such, this section of roadway is not within the maintenance jurisdiction of the defendant." The site of the damage-causing incident was located in the City of Columbus.

CONCLUSIONS OF LAW

{¶ 3} R.C. 2743.10(A) provides:

{¶ 4} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 5} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 6} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 7} 3) R.C. 5501.31 in pertinent part states:

**{¶ 8}** "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

**{¶ 9}** The site of the damage-causing incident was not within the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ETHAN J. GRAY,                                    Case No. 2011-03880-AD

        Plaintiff,

        v.                                        Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,
DISTRICT 8,

        Defendant.    <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>


        Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED.

Court costs are assessed against plaintiff.


                                        _____
                                        DANIEL R. BORCHERT
                                        Acting Clerk

Entry cc:

Ethan J. Gray                           Jerry Wray, Director
151 Arney Avenue                        Department of Transportation
Lancaster, Ohio  43130                  1980 West Broad Street
                                        Columbus, Ohio  43223


7/6
Filed 7/19/11
Sent to S.C. reporter 10/27/11